RAHN, Respondent, vs. CO-OPERATIVE INSURANCE MUTUAL, Appellant.

*February 18—March 29, 1948.*

*Donald L. Farr* of Eau Claire, for the appellant.

For the respondent there was a brief by *Hale, Skemp & Nietsch* of La Crosse, and oral argument by *Thomas H. Skemp* and *R. E. Nietsch.*

ROSENBERRY, C. J.   The insured, the plaintiff's son, was the owner of a Buick sedan and on the day in question left

Onalaska driving his car to visit his sister in West Salem. The plaintiff and two small children were in the back seat. While driving on Main street in West Salem, watching for his sister's house, he suddenly ran into or over a drain crossing the highway, which he had not seen. By reason of the dangerous condition of the highway the plaintiff sustained serious injuries by being thrown about in the back seat of the car. By its special verdict the jury found that the insured was negligent in failing to maintain a proper lookout, that such injury was the natural and probable result of such negligence, that the insured was negligent so as to increase the danger to his guest, the plaintiff, beyond what such guest should reasonably have anticipated with respect to speed, with respect to management and control, and with respect to defective brakes, and that the injury to the plaintiff was a natural and probable result of such negligence on the part of the insured. That the plaintiff was not guilty of contributory negligence and that the plaintiff did not assume the risk of injury to herself by reason of her failure to warn the driver, the insured, of the condition of the highway at the scene of the accident.

On this appeal the defendant's principal contention is that the plaintiff knew the dangerous condition of the highway, knew that the driver was ignorant of the danger, and failed to warn him; that by such conduct she assumed the risk as to lookout, control, and speed. There is ample evidence in the record to sustain the finding of the jury that the plaintiff was not negligent in failing to warn the driver of the automobile of the drain or dip in the highway. While she had ridden over the place previously a number of times nothing had happened to make her aware that the place was dangerous. She was in the back seat with her two grandchildren, engaged in taking care of them, and was not required to give directions to the driver of the car, who was in a much better position to see the highway than she was and who was driving the car at a rate of speed which would not be dangerous under ordinary condi-

tions. The matter was submitted to the jury under proper instructions and no useful purpose would be served by setting out the testimony which supports the finding in detail.

The defendant's further contention that the finding that excessive speed was a cause of the accident and plaintiff's injury is not supported by the evidence cannot be sustained. Plaintiff testified: "The first notice or knowledge I had of any accident was when we hit the hole in the road. I flew up and hit the car on the side and came back again and we hit the second one and I flew up again and it throwed me over in the seat. Right away I said I believe my back is broken." The insured testified that he was going from twenty-five to thirty miles an hour, that he was looking for his sister's house and did not see the depression in the highway. An ordinance of the village provided that at the point in question an automobile should not be driven at a speed exceeding twenty miles per hour.

The liability of the defendant being established by the findings of the jury already considered, it is not necessary for us to consider the contention of the defendant that the evidence did not sustain a finding that the brakes on the insured's automobile were defective. There is no question of comparative negligence in this case.

*By the Court.*—Judgment affirmed.